UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
FEB - 4 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

RICHARD TAYLOR,

    Plaintiff,

v.

SOCIAL SECURITY,

    Defendant.

Case No.: 4:12-cv-39

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff, Richard Taylor ("Taylor"), has sued the Defendant, Social Security ("the Government"), under Section 205 of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") decision to withhold 100% of his monthly retirement benefits to recover an overpayment. ECF No. 3.

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) by order filed on June 29, 2012. ECF No. 15. For the following reasons, the Court RECOMMENDS the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 11, be GRANTED and the case be DISMISSED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2002, Taylor, a recipient of Social Security Disability Insurance Benefits, presented to the SSA's Newport News, Virginia, field office a statement he received from the SSA, notifying him his benefits should have, but were not, terminated July, 1998, because he returned to work. ECF No. 12, attach. 1 at 1. Taylor, however, maintained he stopped working in October, 2001, because of seizures, and he requested an expedited reinstatement of his benefits. *Id.* The SSA

reinstated Taylor's benefits back to October, 2001. *Id.* at 7.

On March 26, 2004, the SSA indicated it would review this decision to verify Taylor's work and earnings since September, 2001, and to determine whether his case should be reopened or whether a trial work period should be implemented. *Id.* at 6. On February 16, 2005, Claims Representative Anastasia Botelis ("Botelis") determined Taylor "did not stop work in [October, 2011,] and ha[d] been continuing to earn above [substantial gainful activity] since that time," thereby making him ineligible for benefits. *Id.* at 7. Taylor met with Botelis and "admitted [] he was still working and was only concerned that he still get a check every month." *Id.* Botelis recommended reopening Taylor's case because of his false and fraudulent statement that he stopped working in October, 2001, when, in fact, he had been working and receiving benefits. *Id.*

On May 4, 2005, the SSA notified Taylor that he was eligible to receive monthly retirement benefits beginning January, 2005. ECF No. 12, attach. 2 at 1. However, on June 21, 2005, the SSA informed Taylor that his benefits would be suspended beginning May, 2005, to prevent overpayment, ECF No. 12, attach. 3 at 1, and on August 27, 2005, the SSA notified Taylor of its decision that he was not disabled beginning December, 1997, that his benefits should have been suspended from July, 1998, to March, 2001, and that they should have been terminated beginning April, 2001, *id.* at 5. Notwithstanding, Taylor was overpaid by $40,690.60, ECF No. 12, attach. 4 at 6, and the SSA began to recover this overpayment by withholding 100% of his monthly retirement benefit, *id.* at 1-16, until March, 2007, when he requested an explanation for this withholding, *id.* at 17. On March 27, 2007, the SSA informed Taylor that he would receive 100% of his monthly retirement benefits beginning March, 2007, until the SSA could respond to his request for an explanation of the withholding. *Id.* at 17.

In connection with an investigation conducted by the SSA's Office of the Inspector General,

Taylor provided a sworn statement on June 28, 2005, wherein he admitted that he began working full time since 1997 and that he did not respond to letters from the SSA "asking about [his] work activities because [he] did not want [his] work to effect [sic] [his] SSA benefits." ECF No. 12, attach. 6 at 1-2. Taylor also admitted he lied when he informed the SSA on March 7, 2002, that he stopped working in October, 2001, "because [he] needed the money to pay bills and make ends meet," *id.* at 2; in fact, Taylor was working full time, and had been since 1997, when he applied for an expedited reinstatement of his benefits, *id.* at 3.

In light of these false and fraudulent statements, on May 2, 2007, the Government sued Taylor under the False Claims Act, 31 U.S.C. §§ 3729-33, ECF No. 12, attach. 5 at 3-5, and, on May 14, 2007, this Court entered a consent judgment for $40,383.60, the amount of the overpayment, against Taylor in the Government's favor, ECF No. 12, attach. 7 at 1. The Government, however, permitted Taylor to pay this judgment, and repay the overpayment, in $75.00 monthly installments beginning January 3, 2008. ECF No. 12, attach. 10 at 2. Between January 3, 2008, and October 1, 2010, Taylor only made one $50.00 payment and five $75.00 payments for a total of $425.00, which was submitted to the SSA, ECF No. 12, attach. 14 at 1, but Taylor, nonetheless, continued to receive his monthly retirement benefits from August, 2007, to June, 2011. ECF No. 12, attach. 8.

On July 1, 2011, the SSA notified Taylor that beginning July, 2011, he would receive $0.00 in monthly retirement benefits until May, 2015, when the overpayment would be completely repaid. ECF No. 12, attach. 9 at 1. This decision changed on October 3, 2011, when the SSA notified Taylor, upon his request, that it would only withhold $75.00 each month of his benefits until the overpayment was recovered. ECF No. 12, attach. 11 at 1. The SSA changed its decision again on November 9, 2011, and notified Taylor that it would withhold 100% of his benefits beginning October, 2011, "because of a court order entering judgment of $40,383.60 pursuant to the False Claims Act, requiring

Social Security to withhold [his] benefits until this debt is repaid." ECF No. 12, attach. 12 at 3. On December 5, 2011, Taylor requested reconsideration of this decision, which the SSA declined to do on December 12, 2011, "because it[s November 9, 2011, decision did] not involve an initial determination of the [SSA]." ECF No. 12, attach. 13 at 1. Taylor filed the instant action as a result of the SSA's decision to withhold 100% of his monthly retirement benefits until the overpayment is recovered.

On June 6, 2012, the Government filed a Motion to Dismiss for lack of subject-matter jurisdiction, FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, *id.* 12(b)(6), with a brief in support. ECF Nos. 11, 12 at 5-8. It also moved for summary judgment, FED. R. CIV. P. 56, in the alternative in the event the Court cannot resolve the case on either of the preceding grounds. ECF Nos. 11, 12 at 8-10. The Government also notified Taylor that he may file a response opposing its Motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 13. Although Taylor has submitted additional material to support his case, ECF Nos. 14, 16, 17, 18, 20, which the Court will consider, he has not filed a formal response to the Government's Motion, and the time to respond has lapsed. Accordingly, the Court will proceed.

## II. STANDARD OF REVIEW

Concerning the Government's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),

> There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction. First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (footnote omitted). It is Taylor's burden, as the

4

party asserting this Court's jurisdiction, to prove subject-matter jurisdiction on the Government's Motion to Dismiss. *Id.* In making this determination, the Court "may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)). The Court should also "apply the standard applicable to a motion for summary judgment, under which [Taylor] must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citation omitted). "The [Government] should prevail only if the material jurisdictional facts are not in dispute and the [Government] is entitled to prevail as a matter of law." *Id.* (citation omitted). A Rule 12(b)(1) motion, however, "does not usually present a serious problem except in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute," in which case "the entire factual dispute is appropriately resolved only by a proceeding on the merits." *Id.* (citations omitted).

### III. ANALYSIS

In this case, Taylor is complaining the SSA is withholding 100% of his monthly retirement benefits until the overpayment is recovered, and this withholding has detrimentally impacted him financially. *See* ECF Nos. 3, 5, 7, 14, 16, 17, 18. Notably, Taylor is not complaining of the SSA's decision that he was overpaid or that this overpayment must be repaid; rather, his only objection is to the *amount* the SSA is withholding from his benefits to recover this overpayment. ECF No. 3 at 2 ("They[, the SSA,] were taking $75.00 of[f] of my check each mo[nth], then I got the rest to take care of what I needed to."). Furthermore, Taylor does not dispute the facts alleged in the Government's Motion and brief in support, nor does he contest the authenticity of the documents attached thereto. The question is, therefore, whether this Court has jurisdiction to review the SSA's decision to withhold 100% of a claimant's monthly benefits to recover an overpayment.

"Federal court jurisdiction is expressly limited by § 205 of the Social Security Act," *Tobak v. Apfel*, 195 F.3d 183, 186 (3d Cir. 1999) (citing 42 U.S.C. § 405(g), (h)), and "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). If and when the Commissioner of Social Security renders a "final decision" "made after a hearing to which [Taylor] was a party ... [then he] may obtain a review of such decision by a civil action" in a federal district court. *Id.* § 405(g). "This jurisdictional bar does not apply, however, where the claimant raises a 'colorable constitutional claim,'" *DeLeon v. Comm'r of Soc. Sec.*, 191 F. App'x 88, 90 (3d Cir. 2006) (unpublished), which Taylor does not do here.

"Although the [Social Security] Act does not define the term 'final decision,' the applicable regulations provide that a final determination of the Commissioner begins as an 'initial determination,' as defined in 20 C.F.R. § 404.902." *Speas-Webb v. United States*, No. 1:09CV59, 2010 WL 3703687, at *2 (M.D.N.C. Sept. 16, 2010) (citation omitted). For example, the SSA's decisions that Taylor was overpaid and that he must repay this overpayment are "initial determinations" that are subject to administrative and judicial review, 20 C.F.R. § 404.902(j)-(k), but Taylor does not object to these decisions; rather, he objects to the SSA's decision to withhold 100% of his monthly benefits to recover an overpayment.

In reviewing 20 C.F.R. § 404.902, however, the Court finds that such a decision by the SSA is not an "initial determination" contemplated by the provision. If it was intended that a decision on how an overpayment of benefits will be collected or what amount of a claimant's benefits will be withheld to recover this overpayment constitutes an "initial determination," then the Code of Federal Regulations would have so provided. *See* 20 C.F.R. § 404-902 ("initial determinations include, but are not limited to, determinations about— ... (l) How an underpayment of benefits due a deceased person

will be paid"). In fact, the Code sets forth which administrative actions are not "initial determinations" and, therefore, "are not subject to the administrative review process ..., and ... judicial review." 20 C.F.R. § 404-903. One such action, "[w]ithholding less than the full amount of [a claimant's] monthly benefit to recover an overpayment," *id.* § 404-903(e), is not an "initial determination," and this action is strikingly similar to the SSA's decision at issue in this case as both concern the collection of an overpayment. The Court, therefore, finds that withholding a claimant's monthly benefit, even if it is the full amount, to recover an overpayment is not an "initial determination" that is subject to the administrative review process and judicial review. Without an "initial determination" by the SSA under 20 C.F.R. § 404.902, there can be no "final decision" by the Commissioner that would allow this Court to exercise subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g). For these reasons, the Court finds it cannot exercise subject-matter jurisdiction to decide the merits of Taylor's Complaint.

## IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 11, be GRANTED and the case be DISMISSED. Because the Court recommends this case be dismissed on Rule 12(b)(1) grounds, it will not address the Government's Rule 12(b)(6) and summary judgment claims.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Taylor is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's

specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to the Plaintiff and counsel of record for the Defendant.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 4, 2013

# CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Richard Taylor
56 Dean Ray Court
Newport News, Virginia 23605
*Pro Se*

Craig Paul Wittman
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
February 5, 2013